## INTERNATIONAL SHOE CO. v. O'NEAL et al.

### No. 3716.

Court of Civil Appeals of Texas. El Paso.

June 30, 1938.

Rehearing Denied July 14, 1938.

McNees & Roberts, of Dallas, for appellant.

Mayo W. Neyland, of Greenville, for appellees.

HIGGINS, Justice (after stating the case as above).

The undisputed evidence as reflected by the foregoing statement shows there was no agreement by the appellant to accept the payment of 33⅓ per cent of its claim in satisfaction of its demand. The evidence conclusively rebuts the view that there was a composition agreement made by the appellant. Appellees do not contend that such an agreement was made by appellant, but in support of the judgment submit two propositions. Briefly stated, they are to the effect, first, that since appellees were insolvent, which fact was known to appellant, and the appellees contemplated going into bankruptcy, of which the appellant was advised, and the appellees forbore going into bankruptcy, there is a sufficient consideration to support an agreement on the part of appellant to accept the payment made in satisfaction of its entire demand; second, Zuber & Zuber were appellees' special agents with limited authority and acted without authority in making the payment to the appellant without an agreement on the part of the latter to accept the same in full satisfaction of its demand.

The first proposition of the appellees is irrelevant because the evidence raises no issue of an agreement on the part of the appellant to accept the partial payment in full settlement of its demand.

As to the second proposition, appellant is not suing to recover upon any contract made by Zuber & Zuber which the latter were not authorized to make. Appellant is suing upon the original contract of sale. Conceding the materiality of the authority of Zuber & Zuber, the second proposition affords no ground of affirmance. Zuber & Zuber were employed by the appellees to negotiate with their creditors. They delivered the cashier's check to the attorney for the appellant under an agreement simply that appellant would not sue to enjoin the proposed sale of the stock of goods in bulk. In so doing Zuber & Zuber acted within the apparent scope of their authority and any secret limitation upon their authority is not binding upon appellant. The evidence is insufficient to charge appellant with notice, actual or constructive, of the want of authority on the part of Zuber & Zuber to make the agreement with it that they did make in appellees' behalf.

The trial court held appellant was estopped to deny that the payment to it was in full satisfaction of its claim. The evidence raises no issue of an estoppel against the appellant.

The judgment is reversed and judgment here rendered in favor of the appellant for $758.72, with interest from January 1, 1934 at the rate of 6 per cent per annum.

Reversed and rendered.